STATE *ex rel.* WM. WEBSTER *vs.* JOHN C. BECK, Treasurer of the Village of Gibbon.

Submitted on briefs April 29, 1892. Decided May 23, 1892.

**Sp. Laws 1889, ch. 518, is Constitutional.**

> A special law providing for the payment to a particular school district of the money received for liquor licenses in a village embraced within such district is not unconstitutional.

Appeal by John C. Beck, Treasurer of the Village of Gibbon, from an order of the District Court of Sibley County, *Cadwell,* J., made August 10, 1891, directing that a writ of mandamus issue requiring him to render to the Trustees of School District No. 64 in said county, an account of all moneys paid to him for liquor licenses, prior to October 1st during the year 1890.

The relator, William Webster, was a resident and freeholder in that school district, and sought by this proceeding to enforce compliance by Beck with Sp. Laws 1889, ch. 518. By that Act the school district was invested with the right and title to one-fourth of all moneys that should be paid into the village treasury on account of liquor licenses; and the village treasurer was required to render to the trustees of the school district on October 1st in each year, an itemized account of such moneys, and to pay the same over on their order to the treasurer of the district. Beck, the treasurer, had refused to comply with the Act, and claimed it to be in conflict with the state Constitution, Art. 8, § 1, and Art. 4, § 33, subds. 7, 10.

*Ed H. Huebner,* for appellant.

*John A. Dalzell,* for respondent.

PER CURIAM. School district No. 64, in the county of Sibley, embraces the corporate village of Gibbon. By Sp. Laws 1889, ch. 518, it was provided that one-fourth of the money paid for liquor licenses in that village should be paid over to this school district. The constitutionality of the act is called in question.

The only provisions of the constitution upon which the respondent

relies, which can reasonably be claimed to prohibit such legislation, are subdivisions 7, 10, § 33, Art. 4. The special act does not conflict with these provisions, for it is not a grant of "corporate powers or privileges," nor of a "special or exclusive privilege, immunity, or franchise," within the meaning of those clauses. See *Dike* v. *State*, 38 Minn. 366, (38 N. W. Rep. 95.)

Order affirmed.

(Opinion published 52 N. W. Rep. 380.)